IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEN THOMASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 10-cv-412-MJR |
| | ) |
| THE CITY OF ST. ELMO and LARRY | ) |
| TISH, Individually, | ) |
| | ) |
| Defendants. | ) |

ORDER on MOTIONS in LIMINE

**REAGAN, District Judge:**

Before the Court are Defendants' motion in limine (Doc. 39) and Plaintiff's motion in limine (Doc. 40). Analysis of these pending motions begins with these general principles.

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States,* **469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); Fed. R. Evid. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").**

Although found neither in the Federal Rules of Civil Procedure nor in the Federal Rules of Evidence, *Deghand v. Wal-Mart Stores, Inc.,* 980 F. Supp. 1176, 1179 (D. Kan. 1997),

1

motions in limine aid the trial process "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." **Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996).** Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. **Pivot Point Intern., Inc. v. Charlene Products, Inc., 932 F. Supp. 220, 222 (N.D. Ill. 1996)**. Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. **See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).**

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." **Plair v. E.J. Brach & Sons, Inc., 864 F. Supp. 67, 69 (N.D. Ill. 1994)**. The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." **Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)**. Moreover, the court may alter an in limine ruling based on developments at trial or sound judicial discretion. **Luce, 469 U.S. at 41**.

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." **Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1401 (N.D. Ill. 1993)**. Denial only means that the court cannot decide admissibility outside the context of trial. **Plair, 864 F. Supp. at 69**.

Clearly, a court may reserve judgment until trial, so that the motion in limine is placed "in an appropriate factual context." **Nat'l Union, 937 F. Supp. at 287.** Stated another

way, motion in limine rulings are "subject to change when the case unfolds" at trial. **Luce, 469 U.S. at 41.** Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." **Id.**

With these principles in mind, the Court rules as follows on Defendants' and Plaintiff's motions in limine.

**Defendants' motion in limine (Doc. 39)**

**Subpart 1** - to bar any evidence referring to any change of employment by Larry Tish:

Denied at this time, since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus, a ruling at this juncture would be premature. The Court will hear an offer of proof, outside the presence of the jury, on this issue prior to ruling.

**Subpart 2** – to bar introduction of, and any reference to, the letter Plaintiff's counsel faxed to the City Attorney prior to the hearing on Plaintiff's termination:

Denied at this time, since the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus, a ruling at this juncture would be premature. The Court will hear an offer of proof, outside the presence of the jury, on this issue prior to ruling.

**Subpart 3** - to bar any reference to the Open Meetings Act and any alleged violations thereof:

Granted provisionally without objection.

**Subpart 4** – to bar any reference to petitions presented to the City Council requesting that Plaintiff be reinstated:

Granted. Petitioning by the citizenry subsequent to Plaintiff's termination is not relevant under Fed. R. Evid. 401 and 402.

**Plaintiff's motion in limine (Doc. 40)**

**Subparts 1 and 2** – to bar any claim, argument, evidence, testimony or documents that imply that Plaintiff engaged in any wrongdoing regarding the gifting of defibrillator(s) and alleged use of credit cards while employed by the City of St. Elmo:

>       Plaintiff seeks to preclude introduction of his conduct regarding "gifting" defibrillators and using a city credit card for personal use. There is also an allegation that he falsified records regarding the defibrillator purchase. Apparently, all this conduct occurred after his termination so it could not have been the basis or support for his termination. Defendants concede they cannot bolster their reasons for terminating Plaintiff with after-acquired information. The Court finds this evidence is not relevant under Fed. R. Evid. 401 and 402 as it relates to the liability phase of this case. It may, however, be relevant on the issue of damages (front pay and/or back pay), if the case gets that far.

**Subpart 3** – to bar any claim, argument, evidence, testimony or documents of any discussions, conversations or letters Tish had with any attorneys:

>   The Court is asked to rule on the issue of the admissibility of Defendant Tish's conversations with legal counsel Stewart Diamond. The argument and factual basis for this contention are not fully developed, and Plaintiff cites no law in support of his position. The motion is denied without prejudice to Plaintiff's stating the appropriate objection at the appropriate time during trial.

    **IT IS SO ORDERED.**

    **DATED this 15th day of September, 2011**

                                       **s/Michael J. Reagan**
                                       **MICHAEL J. REAGAN**
                                       **United States District Judge**