IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEN THOMASON,                                )
                                             )
              Plaintiff,                     )
                                             )
v.                                           )        No. 10-412-MJR-SCW
                                             )
THE CITY OF ST. ELMO,                        )
LARRY TISH, Individually, and in his         )
official capacity as Mayor of the            )
City of St. Elmo,                            )
                                             )
              Defendants.                    )

## MEMORANDUM IN OPPOSITION TO AWARDING ADDITUR

Now come the defendants, THE CITY OF ST. ELMO and LARRY TISH, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Memorandum in Opposition to Awarding Additur, states as follows:

On September 29, 2011, the jury entered a verdict in the amount of $1.00. Plaintiff filed post-trial motions but did not seek additur. This Court is now taking the unusual step of ordering the parties to brief whether a remedy which should be granted which has not been requested. Nevertheless, additur is not appropriate in this case nor is it even within this Court's power to grant.

The sanctity of a jury verdict must not be taken lightly. As such, the remedy of additur is not available in Federal Court, as it violates the Seventh Amendment. *Dimick v. Schiedt*, 293 U.S. 474, 55 S. Ct. 296, 79 L.Ed. 603 (1935); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 116 S. Ct. 2211, 135 L.Ed.2d 659 (1996); *Hibma v.Odegaard*, 769 F.2d 1147 (7th Cir. 1985); *Maier v. Lucent Technologies*, 120 F.3d 730 (7th Cir. 1997). This Court is bound by the long-established precedent that additur is a remedy unavailable to district courts.

1

Even in the event the Court had this power, additur should not apply.  The jury has heard and ruled upon the evidence and its finding is awarded great deference.  The Court in its Order placed the inquiry as to whether damages should be added through April 2010, the time at which Thomason would likely have not been reappointed.  The evidence at the trial, however, showed that the plaintiff would have been terminated well before that upon the discovery of his misuse of the credit cards.  The evidence showed that this discovery took place in approximately January of 2010.  The uncontroverted evidence was that Mayor Tish, upon finding out that the plaintiff had been using City credit cards for his own personal use, would have terminated the plaintiff at that time.  There is no evidence to the contrary in the record.

Further, the award of nominal damages is appropriate for a violation of due process.  The Seventh Circuit recently addressed a similar issue.  *Casna v. City of Lovespark*, 574 F.3d 420 (7th Cir. 2009).  The issues in that case were similar.  As the Seventh Circuit noted:

> "[Plaintiff] is entitled to proceed to trial on her due process claim to establish, if she can, any damages arising from the absence of a hearing.  If the lack of hearing did not cause [plaintiff] any pecuniary harm – that is, if her termination was nonetheless justified on the merits (a matter we do not decide today) – [plaintiff] may recover for her constitutional injury only nominal damages not to exceed $1.00.  574 F.3d at 426 (internal citations omitted).

This is exactly on point with our situation. The jury, having heard the evidence, obviously felt that the termination of plaintiff was justified on the merits and that he was not harmed by the alleged deficiency in the process afforded.  The law is well established that when an employer proves that the plaintiff would have been terminated even had proper hearing been given, the terminated employee cannot receive damages extending from the termination in an action for procedural due process violation.  *Carey v. Piphus*, 435 U.S. 247, 260, 98 S. Ct. 1042, 55 L.Ed.2d 252 (1978).  See also, *Alston v. King*, 231 F.3d 383 (7th Cir. 2000).

In short, the proper interpretation of the jury's verdict is that they felt there had been a technical defect in the due process but that the right result was reached and that plaintiff would have been terminated even had he been afforded the proper hearing.

WHEREFORE, the defendants, THE CITY OF ST. ELMO and LARRY TISH, pray that this Court not award additur, deny plaintiff's Motion for a New Trial, and for such other relief as this Court deems equitable and proper.

Respectfully Submitted,

By:  s/Charles A. Pierce
PIERCE LAW FIRM, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
Phone: 618-277-5599
Fax: 618-239-6080
E-mail: cpierce@piercelawpc.com
Attorney Bar # 06208106

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2012, I electronically filed a MEMORANDUM IN OPPOSITION TO AWARDING ADDITUR on behalf of the defendants, City of St. Elmo and Larry Tish, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mr. Lee W. Barron
Attorney at Law
112 Front Street
Alton, IL  62002

Respectfully submitted,

s/CHARLES A. PIERCE
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL  62226
Phone: (618) 277-5599
Fax: (618) 239-6080
E-mail: cpierce@piercelawpc.com
Attorney Bar Number # 06208106

3